CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Harrisonburg
APR 27 2007
JOHN F. CORCORAN, CLERK
BY: /s/
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| BRENDA MCMONIGLE, | ) | |
| Plaintiff, | ) | Civil Action No. 5:03CV00069 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CARLOS A. WALTON, | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

This action is before the court on Plaintiff's Motion for Additur or in the Alternative a New Trial. A jury trial was held on March 29, 2007, limited to the question of damages Plaintiff suffered in an automobile accident on November 22, 2000, which the Defendant admitted was caused by his negligence. The jury returned a verdict in the amount of $30,000, which was less than the approximately $175,000 requested by the Plaintiff. Plaintiff contends that the verdict is insufficient as a matter of law and that the court should amend the verdict by way of additur pursuant to Virginia Code § 8.01-383.1 or, in the alternative, set aside the verdict and order a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure.[1] Defendant asks the court to enter judgment on the verdict as returned by the jury. The parties have briefed the issue making this case ripe for the

---

[1] The court first notes that, although remittitur is generally available in federal court, additur is not. The United States Supreme Court ruled in Dimick v. Schiedt, 293 U.S. 474 (1933), that the Seventh Amendment right to a jury trial precluded additur in federal courts even though it does not affect remittitur. See also 3 Stein, Personal Injury Damages Treatise § 20:9 (3rd ed. 2007); 11 Charles Alan Wright & Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2816 (2d ed. 1995). Some federal courts, however, have recognized exceptions to the Dimick rule. See, e.g., EEOC v. Massey Yardley Chrysler Plymouth, Inc., 117 F.3d 1244, 1252-53 (11th Cir. 1997) (recognizing an exception to Dimick where the jury has found the underlying liability and there is *no genuine issue as to the correct amount of damages*); Davis v. United States, 716 F.2d 418, 430 (7th Cir. 1983). Regardless, as the court determines that Plaintiff is not entitled to a new trial, the court need not fully address the issues of additur and verdict adjustments. See Hugo Boss Fashions, Inc. v. Fed. Ins. Co., 252 F.3d 608, 624 n.17 (2d Cir. 2001).

1

court's consideration. Finding the parties' briefs adequate to inform the court on the issues, the court hereby dispenses with oral arguments. Upon review of the record and consideration of the arguments in the case, the court is compelled to deny Plaintiff's Motion for Additur or a New Trial.

Rule 59(a) of the Federal Rules of Civil Procedure provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues." This rule has been interpreted to allow the trial court to set aside the verdict and order a new trial in three circumstances: (1) if the verdict is against the clear weight of the evidence; (2) is based upon false evidence; or (3) will result in a miscarriage of justice. Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998); Wyatt v. Interstate & Ocean Transp. Co., 623 F.2d 888, 891 (4th Cir. 1980). The exercise of the power to grant a new trial "is not in derogation of the right of trial by jury but is one of the historic safeguards of that right." Gill v. Rollins Protective Services Co., 836 F.2d 194, 196 (4th Cir. 1987). In evaluating a motion for a new trial, the district court has the discretion to "weigh the evidence and consider the credibility of witnesses." Swentek v. USAIR, Inc., 830 F.2d 552, 559 (4th Cir. 1987).

In a diversity action in federal district court, a motion to set aside the jury's verdict and grant a new trial is a matter of federal procedure, but state law standards are used to evaluate a challenge to the amount of the jury's compensatory damages award. Abel v. Carolina Stalite Co., Ltd. P'ship, 345 F. Supp. 2d 527, 531 (M.D.N.C. 2004) (citing Konkel v. Bob Evans Farms, Inc., 165 F.3d 275 (4th Cir. 1999); Aetna Cas. & Sur. Co. v. Yeatts, 122 F.2d 350 (4th Cir. 1941)); Stebbins v. Clark, 5 Fed. Appx. 196, 199 (4th Cir. 2001) (citing Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 437 (1996)) (finding that, in deciding whether a jury's award is either excessive or inadequate, a federal court in a diversity case must apply substantive state law). The same principles govern the right of the court to set aside a verdict when it is attacked for inadequacy as when it is attacked for

2

excessiveness. De Foe v. Duhl, 286 F.2d 194, 205 (4th Cir. 1961) (citing Dinwiddie v. Hamilton, 201 Va. 348 (1959)).

> The Virginia Code states:
>
> In any civil case or proceeding, the court before which a trial by jury is had, may grant a new trial, unless it be otherwise specifically provided. A new trial may be granted as well where the damages awarded are too small as where they are excessive. Not more than two new trials shall be granted to the same party in the same cause on the ground that the verdict is contrary to the evidence, either by the trial court or the appellate court, or both.

Va. Code Ann. § 8.01-383. Pursuant to Virginia law, a verdict or award of damages is considered inadequate or excessive if it was not the product of fair and impartial decision. Supinger v. Stakes, 255 Va. 198, 203 (1998). The Supreme Court of Virginia has offered guidelines in determining whether a verdict is excessive or inadequate:

> [T]he rule has been, and still is, that a court will not disturb the verdict in such a case either because of its smallness or because of its largeness, unless, in the light of all the evidence, it is manifestly so inadequate or so excessive as to show very plainly that the verdict has resulted from one or both of two causes:
>
> (A) The misconduct of the jury, as for instance that the jury has permitted itself to be actuated by partiality, sympathy, bias, prejudice, passion, or corruption, or has acted perversely, capriciously, or arbitrarily.
>
> (B) The jury's misconception of the merits of the case, in so far as they relate to the amount of damages, if any, recoverable, as for instance, that it has taken into consideration improper items or elements of damage or has failed to take into consideration proper items or elements of damage, or that it has in some way misconstrued or misinterpreted the facts or the law which should have guided it to a just conclusion as to the amount of the damages, if any, recoverable.

Rawle v. McInhenny, 163 Va. 735, 744-45 (1934) (footnotes omitted). The Supreme Court of Virginia has also stated:

> [A] jury's award of damages may not be set aside by a trial court as inadequate or excessive unless the damages are so excessive or so small as to shock the conscience

3

and to create the impression that the jury has been influenced by passion or prejudice or has in some way misconceived or misinterpreted the facts or the law which should guide them to a just conclusion.

Downer v. CSX Trans., Inc., 256 Va. 590, 594 (1998).

A district court must balance these rules with the principle that, in personal injury actions, the amount of damages to be ascertained and awarded rests largely in the discretion of the jury. C.D. Kenny Co. v. Solomon, 158 Va. 25, 30 (1932). Moreover, a district court must treat a jury's verdict with great deference and respect. See Stebbins v. Clark, 5 Fed.Appx. 196, 202 (4th Cir. 2001) (citing Hall v. Hall, 240 Va. 360 (1990)); Potter v. Crestwood Golf Club, Inc., Nos. 95-2451, 95-2881, at *3 (4th Cir. Jan. 21, 1997) (citing Rush v. Blanchard, 310 S.C. 375 (1993) (finding that, in general, a jury's determination of damages is entitled to substantial deference). Finally, a district court must not set aside a verdict as either inadequate or excessive merely because the district court would have acted differently if it had been the trier of fact or because the jury could have come to a different conclusion that the trial judge feels was more reasonable. See Stebins, 5 Fed.Appx. at 202; Lee v. Adrales, 778 F. Supp. 904, 907 (W.D. Va. 1991).

At trial, Plaintiff presented evidence of injuries to her neck, back, and upper leg/hip area. However, the expert testimony presented at trial by both Plaintiffs and Defendants raised serious questions as to whether Plaintiff's injuries were aggravated or even causally related to the car collision at issue.[2] The evidence revealed that Plaintiff had pre-existing injuries with similar symptoms to the alleged current injury due to a prior car accident in May of 1999, and that she was receiving medical attention for those injuries up to the time of the accident. Plaintiff also admitted

---

[2] Plaintiff's only medical expert was Dr. Eric Horne, Plaintiff's treating chiropractor and close family friend.

4

Case 5:03-cv-00069-JCT    Document 49    Filed 04/27/07    Page 4 of 7    Pageid#: 403

that she had an extensive history of similar injuries and complaints from at least nine accidents and falls occurring between 1990 and 1999. Moreover, Plaintiff indicated no injury at the scene of the accident and failed to seek any medical treatment until several days later. Further, other special damages, such as her loss of working capacity and lost earnings, were strongly contested. Plaintiff returned to work on several occasions and there was no medical testimony presented supporting her contention that she was completely disabled and unable to work.

The Virginia Supreme Court has held:

> [W]here the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause . . . then neither the trial court nor we, on appeal, can say that the plaintiff's special damages constituted any fixed part of the jury's verdict. In such a case, a rational fact-finder might properly find the plaintiff is entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

Bradner v. Mitchell, 234 Va. 483, 487-88 (1987); Brown v. Huddleston, 213 Va. 146 (1972). See also Smith v. Wright, 207 Va. 482, 486 (1966) (holding that, in a personal injury action where there is a conflict in the evidence as to the nature and extent of the plaintiff's injuries, the jury are the sole judges of the weight and credibility of the evidence and have the right to discard or accept the testimony, or any part thereof, of any witness when considered in connection with the whole evidence before them).

The court does note, however, that a jury award in a personal injury action which compensates a plaintiff for the exact amount of the plaintiff's medical expenses and other special damages is inadequate as a matter of law, irrespective of whether those damages were controverted. Walker v. Mason, 257 Va. 65, 68 (1999). The Walker court warned that the bright line rule is

5

limited, however, to those factual situations in which the jury verdict is identical to the full amount of the special damages. Id. The rationale underlying the rule does not extend to an award which deviates from the amount of all the special damages claimed, even if the amount of the verdict corresponds to an identifiable portion of the special damages. Id. In this case the jury returned a verdict in the amount of $30,000, which was far less than the $45,000 to $80,000 claimed by Plaintiff in special damages. Even though Plaintiff's alleged medical costs were claimed at $30,234.95, that mere fact is insufficient to remove the court's analysis from the scope of Bradner.

Granting deference to the jury's verdict in the case, as it must do, this court does not believe that Plaintiff has demonstrated that the verdict was rendered on any basis other than that she failed to prove by a preponderance of the evidence that all of her claimed damages were proximately caused by the Defendant's negligence. The evidence certainly supports this conclusion, especially since Plaintiff's credibility relating to the nature and extent of her preexisting impairments, as well as the facts relating to the effect allegedly brought on by the accident, were in dispute.

The court is not suggesting that it would have resolved the conflicts in evidence in the same way as the jury, or that the court would have awarded the same amount of damages fixed by the jury. However, the court finds that the verdict is supported by the evidence in the case, and was not improperly influenced by prejudice, passion, corruption or any other type of improper action or misunderstanding on the part of the jury. The jury was entitled to weigh the evidence and determine that the Plaintiff had not been injured as seriously as she claimed or that her special damages were not reasonably related to the accident. Nor can the court say that the damages were so inadequate as to shock the conscience, under the circumstances of this case, namely the dispute in the evidence concerning causation and Plaintiff's credibility. Further, this court cannot find that the verdict was

against the clear weight of the evidence, based upon false evidence, or that it would result in a miscarriage of justice. No credible evidence has been produced to show that the award of damages was not the product of a fair and impartial decision. This court, therefore, cannot find that the jury verdict was inadequate as a matter of law.

For these reasons, the court declines to disturb the jury's verdict, and Plaintiff's Motion for Additur or in the Alternative a New Trial is **DENIED**. An appropriate Order denying the motion and entering judgement in favor of the Plaintiff and against the Defendant in the amount of $30,000.00 with interest from the date of the verdict at the legal rate until satisfied will issue this day.

ENTER: This 27th day of April, 2007.

_____
Hon. James C. Turk
Senior United States District Judge

7